CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 16 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES F. CLARK, | CASE NO. 7:11CV00442 |
| Petitioner, | |
| | MEMORANDUM OPINION |
| vs. | |
| DIRECTOR OF THE DEPARTMENT OF CORRECTIONS, | By: Glen E. Conrad<br>Chief United States District Judge |
| Respondent. | |

James F. Clark, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the August 2007 judgment of the Pulaski County Circuit Court under which he stands convicted of multiple counts of rape and abduction and related charges and sentenced to 320 years in prison. This court's record indicates that Clark previously filed a § 2254 petition concerning the same convictions, Clark v. Director, Civil Action No. 7:10CV00006 (W.D. Va. Sept. 13, 2010), appeal dism'd, 411 Fed. App'x 631 (Feb. 18, 2011).[1] Thus, Clark's current petition is a subsequent one, falling under the prohibition in 28 U.S.C. § 2244(b) against a second or successive petition.

In his current pleadings, Clark complains that the state courts erred in finding certain of his claims to be procedurally barred from review on the merits and that this court compounded the error by dismissing his claims in Case No. 7:10CV00006 as procedurally defaulted. He contends that the court must now address his claims on the merits. He is mistaken.

Pursuant to § 2244(b), a federal district court may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth

---

[1] Clark also previously filed a civil action challenging the validity of his confinement on these convictions, seeking to be allowed to present witnesses about these matters; the court construed and dismissed this case as a successive § 2254 petition. See Clark v. Director, 7:11CV00274 (W.D. Va. June 16, 2011).

Circuit that the claims in the petition meet certain criteria. § 2244(b). Because Clark has not obtained such certification by the Court of Appeals, the court will dismiss the petition without prejudice as successive. An appropriate order will enter this day.

The clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 15th day of September, 2011.

*/s/ Glen Conrad*
Chief United States District Judge